United States District Court
Southern District of Texas
**ENTERED**
November 09, 2015
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Criminal No. **1:15-901** |
| **Jose Luis Munoz-Vega** | § | |

<u>**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**</u>

The Magistrate Judge submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). The District Judge assigned to the above-styled case referred the same to the undersigned for the purpose of accepting a plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure. All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On **November 09, 2015**, the defendant appeared with counsel before the Magistrate Judge, who personally addressed the defendant in open court and admonished the defendant pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The defendant stated that he understood the Courts' admonishments. In light of the above, the undersigned found the defendant to be sufficiently competent to enter a plea.

The defendant pleaded guilty to the offense of **alien who had previously been denied admission, excluded, deported, or removed, having been convicted of an aggravated felony, knowingly and unlawfully was present in the United States having been found in Cameron County, Texas, the said defendant having not obtained consent to reapply for admission into the United States from the Attorney General of the United States or Secretary of Homeland Security, the successor, pursuant to Title 6, United States Code, Sections 202(3), 202(4), and 557, in violation of Title 8, United States Code, Section 1326(a) and 1326(b),** as charged in the Indictment. **No plea agreement was entered**. The Court explained to the defendant that the defendant would be subject to sentencing pursuant to the, now advisory,

Sentencing Guidelines as promulgated by the United States Sentencing Commission. The Court also explained that parole has been abolished and that the defendant could receive a supervised release term. The Court also explained how a supervised release term differs from parole. The Court further explained the range of available punishment with regard to imprisonment, fines, restitution, supervised release, and available fee assessments under Section 10601 of Title 42, United States Code.

The Magistrate Judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the approval and sentencing of the assigned District Judge and after the Defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charges and relevant penalties;

3. The defendant understands the defendant's constitutional and statutory rights and wishes to waive said rights;

4. The defendant's guilty plea was freely and voluntarily tendered;

5. The defendant is sufficiently competent to enter a guilty plea;

6. An adequate factual basis exists in relation to this plea.

## **RECOMMENDATION**

The Magistrate Judge RECOMMENDS that the District Judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, enter a final judgment finding guilt against the defendant.

## **NOTICE TO PARTIES**

The parties may file objections to this Report and Recommendation. FED. R. CRIM. P. 59(a),(b). A party filing objections must specifically identify those findings or recommendations to which objections are made. The District Judge need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See* 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

      The Office of the District Clerk is directed to send a copy of this Report and Recommendation to all parties.

      DONE at Brownsville, Texas, this 9th day of November, 2015.

                                                                                  _____
                                                                               Ignacio Torteya III
                                                                             United States Magistrate Judge